IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KMART CORPORATION : CIVIL ACTION
:
v. :
: No. 13-345
GATOR FEASTERVILLE PARTNERS, et al. :

**MEMORANDUM**

Ludwig, J. September 20, 2013

Defendant landlords and their managing agent move to dismiss the complaint for damages alleged to have been caused by roof leaks in the demised premises.[1] Jurisdiction is diversity. 28 U.S.C. § 1332. For the following reasons, the motion will be granted and the complaint dismissed with leave granted to file an amended complaint by October 9, 2013.

The allegations are as follows: Plaintiff leased six different properties from defendant landlords, two in Pennsylvania, two in Virginia, one in Ohio, and one in Massachusetts. Complaint, ¶ 14. The leases required defendants to maintain the properties and obligated plaintiff to give written notice to defendants of necessary repairs. *Id.*, ¶¶ 15-16. If repairs were not made by defendants within seven days, the lease permitted plaintiff to perform them and obtain reimbursement from defendants. *Id.*, ¶ 17. Counts I through VI of the complaint detail occurrences in which plaintiff discovered water leaks on the

---

[1] Plaintiff Kmart Corporation is a Michigan corporation with a principal place of business in Illinois. Defendants are Gator Feasterville Partners, Gator Langhorne Partners, and Gator Fairhaven Partners, all Florida corporations, and Gator Hampton Partners, Gator Five Points Partners, and Gator Newport News Partners, all Florida Limited Liability Partnerships. These defendants are landlords, and each maintains a principal place of business in Florida. Gator Investments, a Florida corporation with a principal place of business in Florida, is the managing agent for the landlords. Complaint, ¶¶ 1-9.

leased premises, gave written notice to defendants and performed repairs when defendants did not do so, and requested reimbursements, that were not forthcoming. *Id.*, Counts I-VI. Counts I through VI allege breach of contract claims against each landlord and its managing agent, and request reimbursement. *Id.*[2] The complaint also includes claims against all defendants for negligence (Count VII) and unjust enrichment (Count VIII), and for specific performance (Count IX).

## Subject Matter Jurisdiction

According to defendants, this court lacks subject matter jurisdiction over Counts II through VI of the complaint because only the claim in Count I states a claim in excess of $75,000 as required by 28 U.S.C. § 1332.[3] *See supra*, n.2. Plaintiff counters that it is entitled to aggregate, or total, all of the claims for purposes of calculating the amount in controversy even though the claims are non-related in that liability is joint. Here, plaintiff reasons Gator Investments is managing agent for all of the defendants, and that each individual defendant is therefore jointly liable with defendant Gator Investments. As a defendant common to all claims, Gator Investments is alleged to be responsible in each case for the refusal to comply with the terms of the lease, thereby creating joint

---

[2] The reimbursements allegedly owed are as follows: Count I - $80,793.34; Count II - $14,920.46; Count III - $4,988; Count IV - $4,162; Count V - $4,329.72; Count VI - $2,629.82.

[3] Plaintiff demands recovery in excess of $75,000 in each count of the complaint. *See ad damnum* clauses. However, as stated in note 2, the precise amount of the contractual damages is set forth in each of Counts I through VI. In cases involving liquidated damages such as the reimbursements requested here, "'the law gives the rule' – that is, the law prescribes what damages plaintiff may recover should they prevail on their claims. When the court inquires as to the amount in controversy in cases such as these, 'the legal cause of action, and not the plaintiff's demand, must be regarded.'" *International Fleet Auto Sales, Inc. v. National Auto Credit*, 1999 WL 95258, at *4 (E.D. Pa., Feb. 22, 1999) (citations omitted).

liability among all defendants. Plaintiff's memorandum in opposition to defendants' motion, at 5 (doc. no. 16).

"A single plaintiff's claims against more than one defendant are aggregated to determine the jurisdictional amount in controversy only if the claims are so 'integrated' and 'tied together by combination or conspiracy, as to make the relief single;' otherwise, "where a plaintiff alleges independent, several liability against more than one defendant, plaintiff's claims against each defendant must individually satisfy the amount in controversy requirement.'" *Hayfield v. Home Depot, U.S.A., Inc.*, 168 F.Supp.2d 436, 447 (E.D. Pa. 2001), quoting *C.D. Peacock, Inc. v. Neiman Marcus Group, Inc.*, 1998 WL 111738, at *2 (E.D. Pa., Mar. 9 1998). Also: "'when two or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff." *Hayfield*, at 449, quoting *Zahn v. International Paper Co.*, 414 U.S. 291, 295 (1973). And: "[u]nder Pennsylvania law, parties are deemed joint actors when their actions build upon one another to produce an indivisible injury." *Hayfield*, citing *In Re Blatstein*, 260 B.R. 698, 720 (E. D. Pa. 2001).

Here, the liability of each defendant landlord to plaintiff is predicated on their alleged contractual failure, *inter alia*, to maintain the leased premises, make necessary repairs, and provide reimbursements in six separate buildings and involving four different states at various times over two years. Although the complaint refers to "defendants" in the plural throughout, no facts are alleged suggesting that the landlord defendants were acting together. *See, e.g.*,

*Peacock*, 1998 WL 111738, at *2 ("Integration exists and aggregation is appropriate where the harm is a product of combination *or* conspiracy between the defendants."). No inferential basis is alleged that the contractual breaches - for example, by Gator Feasterville Partners Ltd. in Pennsylvania in early 2011 - was "built upon" by the similar breach of Gator Five Points Partners LLLP in Ohio later that year, so as to create an "indivisible" injury to plaintiff.

Plaintiff rests its claim for aggregation on the presence in each Count of Gator Investments as the managing agent for each landlord. Complaint, 9. In that capacity, Gator Investments is alleged to have made all decisions for the landlords and handled all communications for them with plaintiff. Plaintiff's memorandum, at 6 (doc. no. 16). For these reasons, plaintiff posits that Gator Investments is jointly liable with each landlord defendant for all of the water leak damages.

It does not follow that the liability of the landlord defendants is joint and several. Gator Investments is not alleged to have been a party to any of the leases. No facts show that it owed plaintiff a duty that extended outside of the landlord-tenant relationship. The complaint, therefore, does not present a plausible claim that Gator Investments is independently liable to plaintiff.

Based on the facts alleged, the resulting incidents are distinct; that all of the defendant landlords shared the same managing agent is not a sufficient basis for permitting aggregation of the claims contained in Counts II through VI. As a result, because the damages alleged in Counts II through VI are less than the jurisdictional minimum, those Counts must be dismissed.

**Improper Venue**

According to defendants, venue in this court is improper because a forum selection clause in a "Global Settlement Agreement" executed by the parties in prior litigation required adjudication of these claims in Florida. The agreement provided that it was governed by Florida law and all related claims were to be adjudicated in Florida. However, by its terms, it covers only claims that "occurred, arose or accrued prior to January 1, 2008." Exhibit 2 to plaintiff's memorandum, at ¶ 6. None of the incidents set forth in the complaint took place before January 1, 2008, and they are not, therefore, subject to the agreement's forum selection clause.

**Inadequate Service of Process and Misidentification of Defendants**

Defendants contend that service of process, which was accomplished by certified mail, return receipt requested, was inadequate and the complaint accordingly must be dismissed. Plaintiff: (1) Fed. R. Civ. P. 4(h) authorizes service of process pursuant to the law of the state in which the district court is located; (2) Pa.R.Civ.P. 404(2) provides for service outside of the Commonwealth in the manner provided in Pa.R.Civ.P. 403; and (3) under Rule 403 "a copy of the process should be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.Civ.P. 403. Here, a receptionist signed for the summons and complaint addressed to each defendant. *See* Exhibit 4 to plaintiff's memorandum. Though defendants contend that the receptionist was not an agent of any defendant, it is not necessary that the person receiving service of process be actually

5

authorized to do so. *Thomas v. Stone Container Corp.*, 1989 WL 69499, at *1 (E.D. Pa., June 21, 1989). Service here, therefore, was proper.

Plaintiff is granted leave to file an amended complaint by October 9, 2013.[4] If it does not do so, this action will be dismissed without more.[5]

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[4] According to defendants, two of the defendants are misidentified: Gator Hamptons Partners LLP is actually Gator Hampton Partners LLLP, and no corporate entity is named Gator Investments. Plaintiff appears to have "had in mind the proper entity or person, [and] merely made a mistake as to the name, and actually served the entity or person intended," *Munetz v. Eaton Yale and Towne, Inc.*, 57 F.R.D. 476, 479 (E.D. Pa. 1973). Plaintiff will be permitted to amend to correct these errors.

[5] Defendants also argue that the existence of an express contract between plaintiff and the landlord defendants bars both the negligence and unjust enrichment claims against the landlords; that the economic loss or gist-of-the-action theories bar those claims as well; and that specific performance is not available to enforce a maintenance obligation against a landlord as a matter of law. It is unnecessary to rule on these defenses.